UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ANGELEA O. JONES** | **CIV. ACTION NO. 3:23-00366** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **BOARD OF SUPERVISORS OF THE UNIVERSITY OF LOUISIANA SYSTEM D/B/A UNIVERSITY OF LOUISIANA AT MONROE, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Rule 12(b) motion to dismiss for lack of personal jurisdiction, insufficient service of process, and "Eleventh Amendment Immunity" [doc. # 10] filed by Defendant, the Board of Supervisors for the University of Louisiana System d/b/a University of Louisiana at Monroe. The motion is opposed. For reasons detailed below, it is recommended that the motion be GRANTED IN PART and DENIED IN PART.

### Background

On March 21, 2023, Plaintiff Angelea Jones ("Jones") filed the instant complaint against Defendants Board of Supervisors for the University of Louisiana System d/b/a University of Louisiana at Monroe ("ULS"), Dr. Ibrahim Alhroob ("Alhroob"), plus other unnamed and undiscovered officers or agents of ULS, to recover damages for sexual assault, harassment, and discrimination she sustained while a student at the University of Louisiana at Monroe. (Compl.). Jones asserted claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, as well as 42 U.S.C. § 1983 for violations of the Fourteenth Amendment to the U.S. Constitution. *Id*. She further alleged state law tort claims for negligent hiring, training, supervision, and

retention; a violation of ULS policy and rights under Louisiana Civil Code Article 2315; and for bad faith breach of contract. *Id*.

On May 19, 2023, ULS filed the instant Rule 12(b) motion to dismiss for lack of personal jurisdiction, insufficient service of process, and Eleventh Amendment Immunity. Later that same day, ULS filed its answer, wherein it reiterated that it was entitled to sovereign immunity under the Eleventh Amendment. (Answer [doc. # 12]).

On June 8, 2023, Jones filed her opposition to ULS's motion. (Opp. Memo. [doc. # 15]).

On June 29, 2023, ULS filed its reply brief in which it conceded that Jones had cured the prior service defects in the matter. (ULS Reply Brief [doc. # 20]). Accordingly, the matter is ripe.

## Discussion

As an initial matter, because ULS has conceded proper service and, in fact, filed an Answer, its motion to dismiss for insufficient service of process and for lack of personal jurisdiction is moot.

Further, while ULS did not cite a particular Rule 12(b) provision to support its immunity argument, it is clear that a party's invocation of sovereign immunity under the Eleventh Amendment is properly analyzed as a challenge to the federal court's exercise of federal subject matter jurisdiction. *Mahogany v. Louisiana State Supreme Court*, 262 Fed. App'x. 636 (5th Cir. 2008) (citations omitted); *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ("Sovereign immunity is indeed a jurisdictional bar."). The court will analyze the issue accordingly.

    a)    <u>Standard of Review</u>

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks

the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

"A court can find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Enable Mississippi River Transmission, L.L.C. v. Nadel & Gussman, L.L.C.*, 844 F.3d 495, 497 (5th Cir. 2016) (citations and internal quotation marks omitted).

b)    Law and Analysis

It is well settled that the Eleventh Amendment bars citizens of a state from suing their own state, another state, or a state agency or department in federal court, unless the state has waived its sovereign immunity or Congress has expressly abrogated it. *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citations omitted); *Darlak v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987) (citation omitted). The Eleventh Amendment bars suits for both money damages and injunctive relief against a state entity. *Darlak, supra*. Furthermore, "[t]he state need not be the named party in a federal lawsuit, for a state's Eleventh Amendment immunity extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002).

This court, and, more importantly, the Fifth Circuit has recognized that ULS is an "arm" of the state, and, thus, not subject to suit in federal court absent waiver or congressional abrogation. *Allain v. Bd. of Sup'rs of Univ. of Louisiana Sys.*, Civ. Action No. 13-2754, 2015 WL 6554440, at *2 (W.D. La. Oct. 29, 2015) (ULM); *Strong v. Grambling State Univ.*, 159 F.Supp.3d 697, 706–07 (W.D. La.2015), *aff'd,* 614 Fed. App'x. 776 (5th Cir.2015) (Grambling and UL System Board); *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991) (USL now ULL).[1] In addition, other than as discussed below, the two recognized exceptions to Eleventh Amendment immunity are inapplicable here.

First, Louisiana has refused to waive its Eleventh Amendment immunity from suit in federal court. LA. R.S. § 13:5106(A) (providing that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."). Indeed, ULS invoked immunity via the instant motion.

Second, it is self-evident that Congress did not abrogate the states' immunity from state law claims. The Eleventh Amendment plainly precludes federal courts from hearing state law claims brought in federal court against state entities. *Raj, supra* (citing *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 117, 104 S.Ct. 900 (1984)); *Richardson v. Southern University,* 118 F.3d 450, 453 (5th Cir. 1997). Furthermore, § 1983 does not abrogate a state's sovereign immunity. *Hanna v. LeBlanc*, 716 Fed. App'x. 265, 268 (5th Cir. 2017); *Richardson, supra*; *Raj, supra*; *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309 (1989). Accordingly, Jones's § 1983 and state law claims are barred by the Eleventh Amendment.

---

[1] Jones did not contest that ULS is an arm of the state, entitled to Eleventh Amendment protection.

Although not addressed by the parties, the same result does not follow for Jones's Title IX claims, however. In 1986, Congress enacted a law stating that, "[a] State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of . . . title IX of the Education Amendments of 1972 . . ." 42 U.S.C. § 2000d-7(a)(1). Citing the foregoing provision, the Fifth Circuit has held that a state's receipt of federal funds under Title IX operates as a waiver of the state's Eleventh Amendment sovereign immunity. *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 876 (5th Cir. 2000).

In her Complaint, Jones alleged that ULS received federal financial assistance. *See* Compl., ¶ 42. ULS did not contest same. Accordingly, by fulfilling the terms of Congress's conditional abrogation of immunity, i.e., the receipt of federal funds, ULS has waived its Eleventh Amendment immunity as to Jones's Title IX claims. *See Gruver v. Louisiana Bd. of Supervisors for Louisiana State Univ. Agric. & Mech. Coll.*, 959 F.3d 178, 184 (5th Cir. 2020) ("LSU has waived Eleventh Amendment immunity by accepting federal funds).

## Conclusion

For the above assigned reasons,

IT IS RECOMMENDED that the Rule 12(b) motion to dismiss [doc. # 10] filed by Defendant ULS be GRANTED IN PART AND DENIED IN PART. IT IS RECOMMENDED that the motion be GRANTED to the extent that ULS seeks dismissal of Jones's claims under state law and 42 U.S.C. § 1983 against said Defendant and that these claims be DISMISSED WITHOUT PREJUDICE[2] for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). IT IS

---

[2] ULS seeks dismissal of Jones's claims *with* prejudice. It is clear, however, that a jurisdictional dismissal on the basis of sovereign immunity is *without* prejudice. *Carver*, 18 F.4th at 498-99 (citations omitted).

FURTHER RECOMMENDED that ULS's motion otherwise be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party=s objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY=S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 8th day of August, 2023.

                                                KAYLA DYE MCCLUSKY
                                                UNITED STATES MAGISTRATE JUDGE